UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

| Case No. | CV 10-7715 DSF (CWx) | Date | 11/4/10 |
|---|---|---|---|
| Title | Joshua Tonkins, et al. v. National Cargo Carriers, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DISMISSING Action for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The "burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (2001). "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." In re Dynamic Random Access Memory Antitrust Litig., 546 F.3d 981, 984-85 (9th Cir. 2008).

Plaintiffs assert the Court may exercise jurisdiction pursuant to 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. The Court may exercise diversity jurisdiction if all plaintiffs are diverse from all defendants, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). An individual is a citizen of the state where he or she is domiciled. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Domicile requires residence with the intent to remain. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

According to Plaintiffs' allegations, it appears that complete diversity does not exist because Plaintiff Joshua Tonkins and Defendant Michael Fornarotto are both California citizens. (Compl. ¶¶ 1, 8, 11.) For this reason, the Court dismisses the action without prejudice. See Freeman v. Oakland Unified School Dist., 179 F.3d 846, 847 (9th Cir. 1999).

IT IS SO ORDERED.